UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY BOWMAN<br><br>　　　　Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; et al.,<br><br>　　　　Defendants. | 3:11-cv-0140-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Larry Bowman's ("Bowman") motion to remand filed on March, 20, 2011. Doc. #4.[1] Defendants filed an opposition (Doc. #7) to which Bowman replied (Doc. #9).

**I.　Facts and Procedural History**

In August, 2005, Bowman purchased real property through a mortgage note and deed of trust originated by defendant JPMorgan Chase Bank, N.A. ("JPMorgan"). Eventually, Bowman defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Bowman filed a complaint in state court against defendants alleging nine causes of action: (1) violation of state debt collection laws, NRS 649.370; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act,

---

[1] Refers to the court's docket entry number.

1  NRS 598D.100; (4) breach of the covenants of good faith and fair dealing; (5) violation of state
2  recording laws, NRS 107.080; (6) quiet title; (7) fraud in the inducement; (8) slander of title; and
3  (9) abuse of process. Doc. #1, Exhibit A. Defendants removed the action to federal court based
4  upon federal question and diversity jurisdiction. Doc. #1. Thereafter, Bowman filed the present
5  motion to remand. Doc. #15.

## II.  Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.  Discussion

### A. Federal Question Jurisdiction

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Bowman's complaint alleges nine causes of action. Doc. #1, Exhibit A. Based on the face of

2

the complaint, Bowman alleges only state law claims insufficient to grant federal question jurisdiction. Therefore, the court cannot exercise federal question jurisdiction.

**B. Diversity Jurisdiction**

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, defendants argue that there is complete diversity between the parties because non-diverse defendants Stanley Silva is a fraudulently joined defendant whose Nevada citizenship cannot be used to defeat the exercise of diversity jurisdiction.

A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

In her complaint, Bowman's only allegations against Stanley Silva ("Silva") are that he signed the recorded notice of default as an employee of non-party Ticor Title of Nevada.. *See* Doc. #1, Exhibit A. The court has reviewed the documents and pleadings on file in this matter and

finds that Bowman has failed to sufficiently assert any claims for relief against Silva based solely on the fact that he signed the underlying notice of default within the scope of his employment with a title company. Based on the allegations in the complaint, the court finds that non-diverse defendant Stanley Silva is a fraudulently joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #4) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE